Mr. David A. Rickman Northeast Field Auditor c/o Bradley Coleman Attorneys at Law P.O. Box 1212 Jonesboro, Arkansas 72403-1212
Dear Mr. Rickman:
This official Attorney General opinion is rendered in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion regarding the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101—107).
More specifically, you state that you have been informed that the Department of Finance and Administration has received a request under the FOIA from a newspaper for the release of certain information in your personnel file. It is my understanding that the custodian of the records has determined that the requested records should be released. This opinion will address the question of whether that determination is consistent with the requirements of the FOIA.
I have been provided with a copy of the newspaper's request, which asked for "[a]ll employee evaluation or job performance records, including preliminary notes and other materials, in which final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee. . . ." I have also been provided with copies of the records in question.
They are:
 • A memorandum to you from the Manager of the Northeast Audit District, informing you of your suspension and probation, and describing the incident that led to your suspension and probation
 • A memorandum to the Assistant Commissioner for Policy and Legal from the Administrator of the Office of Field Audit, describing the commendations and disciplinary actions reflected in your personnel file
 • A memorandum to your personnel file from the Manager of the Northeast office of Field Audit, describing a telephone call received from a taxpayer
 • Hand-written notes on a DFA route slip, appearing to relate to the above-referenced taxpayer telephone call
 • The transcript of a meeting with you, held on Thursday, November 6, 1997, at 1:30 p.m., at the Northeast Audit District Office, concerning the incident that led to your suspension and probation
It is my opinion that the decision of the custodian to release all of the above-listed records is inconsistent with the FOIA. As explained more fully below, it is my opinion that three of the records should be released, and that two of the records should not be released. In addition, certain information must be deleted from two of the records prior to their release.
The records listed above are properly classified as "employee evaluation or job performance records." All of the records listed above, with the exception of the suspension memorandum, appear on their face to have been created as part of an inquiry into or investigation of alleged employee misconduct. It is for this reason that they are properly classified as "employee evaluation or job performance records." See Ops. Att'y Gen. Nos. 97-400; 96-258, 96-257, 96-033. The suspension memorandum also falls within the category of "employee evaluation or job performance records," consistent with this office's previous opinions regarding letters of termination or other disciplinary action containing substantive statements of the reason(s) for the disciplinary action. See, e.g., Ops. Att'y Gen. Nos. 97-190, 96-258, and 96-342.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The Disclosable Records
It is my opinion that the above three conditions for disclosure have been met with regard to the following records:
 • The memorandum to you from the Manager of the Northeast Audit District, informing you of your suspension and probation, and describing the incident that led to your suspension and probation
 • The memorandum to the Assistant Commissioner for Policy and Legal from the Administrator of the Office of Field Audit, describing the commendations and disciplinary actions reflected in your personnel file
 • The transcript of a meeting with you, held on Thursday, November 6, 1997, at 1:30 p.m., at the Northeast Audit District Office, concerning the incident that led to your suspension and probation
Because these records detail the incident that led to your suspension (and can be therefore assumed to have formed the basis for the suspension), and because there has been a final administrative resolution of the suspension proceedings, the first two requirements of the FOIA for the release of these records have been met. The only remaining question to be addressed regarding these records is whether there is a compelling public interest in them.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present."Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
It appears from the face of the records that you were alleged to have engaged in conduct that constituted a breach of the public trust. For this reason, I conclude that the public's interest in the records reflecting such conduct is compelling. The records should therefore be disclosed. However, as explained below, certain information in two of the records should be deleted.
Deleted Information
First, the memorandum describing your personnel file contains a reference to an incident involving a telephone call from a taxpayer that was unrelated to your suspension and did not form the basis for your suspension. This information should therefore be deleted from the memorandum prior to its release.
Second, it is my understanding that one of the individuals referred to in the transcript and in the memorandum describing your personnel file was involved in the incident that led to your suspension, and was also suspended as a result of the incident, but has not yet reached an administrative resolution of his suspension. For this reason, the three requirements of the FOIA for release of that employee's evaluation or job performance records have not been met. Because the transcript and the memorandum describing your personnel file detail that employee's involvement in the incident that led to his suspension, these records could be construed to constitute that employee's evaluation or job performance records. If they were so construed, their release would violate the FOIA. Even if these records were not construed to constitute that employee's evaluation or job performance records, the release of the information in these records pertaining to that employee would defeat the exemption to which he is entitled for his own employee evaluation or job performance records. Accordingly, it is my opinion that any information pertaining uniquely to that individual should be deleted from the transcript and from the memorandum describing your personnel file.
Finally, it should be noted that even though these records are not subject to one of the FOIA's specific exemptions from disclosure, they cannot be disclosed if they are subject to another specific statutory exemption from disclosure. These particular records are not subject to any other specific statutory exemption from disclosure. They may therefore be released, with the requisite deletions.
The Remaining Records
It is my opinion that the following records should not be disclosed:
 • The memorandum to your personnel file from the Manager of the Northeast office of Field Audit, describing a telephone call received from a taxpayer
 • The hand-written notes on a DFA route slip, appearing to relate to the above-referenced taxpayer telephone call
These records should not be released, because they do not relate to the incident that led to your suspension, nor did they form the basis for your suspension. Therefore the conditions for their disclosure have not been met. See discussion supra.
A Constitutional Issue
It should be noted that records can be found to be non-disclosable if they contain information in which there is a protectable constitutional privacy interest. The Arkansas Supreme Court discussed the constitutional privacy interest in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). In that case, the court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
None of the records which have been requested from your file contain any information that, in my opinion, would give rise to a constitutional privacy interest under the McCambridge standards.
To summarize, then, it is my opinion that the decision of the custodian of the records under consideration to release all of the requested records is inconsistent with the FOIA. The suspension memorandum, the memorandum describing your personnel file, and the transcript record should be released. However, information pertaining to an incident involving a telephone call received from a taxpayer should be deleted from the memorandum describing your personnel file. Likewise, information pertaining uniquely to the individual referred to in the transcript record and in the memorandum describing your personnel file, whose administrative proceedings have not yet been completed, should be deleted from these records prior to their release. The two records relating to the taxpayer telephone call should not be released.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh